1  Robert M. Anderson (State Bar No. 75698)
2  Natanel E. Safaradi (State Bar No. 324829)
   **WILSON, ELSER, MOSKOWITZ,**
      **EDELMAN & DICKER LLP**
3  555 South Flower Street, Suite 2900
   Los Angeles, California 90071
4  Telephone:(213) 443-5100
   Facsimile: (213) 443-5101
5  E-mail:  robert.anderson@wilsonelser.com
6         nathan.safaradi@wilsonelser.com

Attorneys for Defendant,
7  E.B.A. & M. CORPORATION

8  ## UNITED STATES DISTRICT COURT

9  ## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| 10 THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a public trust corporation, on behalf of the University of California, Irvine Medical Center, | Case No. |
| 11 | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441 [FEDERAL QUESTION]** |
| 12 | |
| 13              Plaintiff, | |
| 14 v. | |
| 15 E.B.A. & M. CORPORATION, a corporation operating in California; and | |
| 16 DOES 1 THROUGH 25, inclusive, | |
| 17            Defendants. | |
| 18 | |

19  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20  CENTRAL DISTRICT OF THE STATE OF CALIFORNIA, WESTERN

21  DIVISION, AND ALL INTERESTED PARTIES:

22      PLEASE TAKE NOTICE that Defendant, E.B.A. & M. CORPORATION

23  (hereinafter "Defendant"), hereby removes the civil action entitled *The Regents of*

24  *the University of California v. E.B.A.&M. Corporation, et al.,* Orange County

25  Superior Court, Case No. 30-2021-01234393-CU-BC-CJC, to the United States

26  District Court for the Central District of California, Southern Division, pursuant to

27  28 U.S.C. Sections 1331 and 1441.

28  / / /

Removal of this civil action to the District Court is proper for the following reasons:

## JURISDICTION

1.     This is a civil action over which the District Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to the District Court pursuant to 28 U.S.C. §1441 in that it is a civil action seeking the recovery of benefits under an employee welfare benefit plan and such claims for benefits are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001 et seq. ("ERISA").   Any civil action brought in state court may be removed to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. §1441(a).   Federal courts have original jurisdiction over cases that arise under federal laws.  28 U.S.C. §1331.  When an action contains a claim arising under federal law, the entire action is removable to federal court. 28 U.S.C. §1441(c)(1).  Upon removal, the federal court can sever and remand any claims over which it does not possess original or supplemental jurisdiction.  28 U.S.C. §1441(c)(2).  Thus, if any of the plaintiff's claims arise under federal law, removal is proper.

## PLAINTIFF'S COMPLAINT

2.     Plaintiff, The Regents of the University of California on behalf of the University of California, Irvine Medical Center, filed its complaint for breach of implied-in-fact contract and quantum meruit against defendants, E.B.A. & M. Corporation, and Does 1 through 25, inclusive, in the within action on December 2, 2021, in the Orange County Superior Court for the State of California.  (A true and correct copy of the plaintiff's complaint is attached as Exhibit 1 to the Index of Documents Filed in State Court concurrently filed herewith.)

## PLAINTIFF'S CLAIM

3.     According to plaintiff's complaint, it provided medical treatment to patients (hereinafter "patients") identified on a spreadsheet attached as Exhibit A to

2

the plaintiff's complaint. (¶7.)    Plaintiff alleges that these patients were "beneficiaries of a health plan sponsored, administered and or funded by E.B.A. & M." (¶8.)

4.    E.B.A. & M. is the administrator of the attached health plans, which are self-funded employee welfare benefit plans governed by ERISA.

5.    According to plaintiff's complaint, the total billed charges for the medical treatment that it rendered to the patients was submitted to E.B.A. & M. for payment by E.B.A. & M, and E.B.A. & M. failed to fully pay plaintiff resulting in damages to plaintiff in an amount not less than the sum of $76,267.76, exclusive of interest.  (¶¶7-13.)

6.    According to plaintiff's complaint, "[p]rior to the treatment rendered by [plaintiff], through custom and practice, [plaintiff] and E.B.A. & M. impliedly agreed and understood that [plaintiff] would render medically necessary care to E.B.A. & M.'s enrollees, submit bills for such care to E.B.A. & M., and that E.B.A. & M. would pay [plaintiff] for the necessary treatment rendered to the Patients." (¶15.)   According to plaintiff's complaint, "upon stabilization of the Patients in [plaintiff's] emergency department . . . [plaintiff] contacted E.B.A. & M. to verify the Patients' healthcare eligibility under a E.B.A. & M. health plan and authorization from E.B.A> & M. for the medical services if necessary," and "E.B.A. & M. represented that the Patients were a beneficiary of E.B.A. & M.'s health plan." (¶15.)

7.    According to plaintiff's complaint, "E.B.A. & M. offered to reimburse [plaintiff] should [plaintiff] provide medical necessary care to E.B.A. & M.'s enrollees," and "[plaintiff] accepted that offer and did in fact provide medically necessary care to E.B.A. & M.'s enrollees." (¶16.)   According to plaintiff's complaint, "[plaintiff] properly billed E.B.A. & M. for the medically necessary services, and E.B.A. & M. did in fact actually reimburse [plaintiff] for a portion of

the services rendered in partial compliance with the implied-in-fact contract." (¶16.)

8.  According to plaintiff's complaint, "[s]ince E.B.A. & M. is a 'health care service plan" as defined in the California Health and Safety Code, . . . E.B.A. & M. was under a statutory duty to pay for emergency services and care provided to its enrollees until each enrollee was stabilized pursuant to California Health and Safety Code §1371.4(b)." (¶17.)   According to plaintiff's complaint, "[i]n respect to potential post stabilization care, Health and Safety Code §1371.4(d) places the onus and burden upon E.B.A. & M. to arrange for transfer otherwise the services are deemed authorized."  (¶19.)

9.  According to plaintiff's complaint, "E.B.A. & M. [has] breached that implied-in-fact contract by underpaying [plaintiff] for the medically necessary services, supplies and/or equipment rendered or supplied to the Patients," and "[a]s a direct and proximate result of the failure of E.B.A. & M. to pay the sum owed, [plaintiff] has incurred damages of not less than $76,267.76, plus miscellaneous expenses, interest, and costs."  (¶23.)

**FEDERAL QUESTION**

10.  E.B.A. & M. is the administrator of the subject health plans, which are self-funded employee welfare benefit plans governed by ERISA.   The Plan documents govern the amounts that the Plan must pay for the medical treatment and services provided by plaintiff to Plan participants and beneficiaries.

11.  Plaintiff's complaint asserts two causes of action for breach of implied-in-fact contract and quantum meruit against E.B.A. & M. predicated on E.B.A. & M.'s alleged failure to pay benefits due under the Plan documents.

12.  ERISA governs employee benefit plans that are established or maintained by an employer for the purposes of providing benefits to its employees. 29 U.S.C. §1003(a)(2).  An employee welfare benefit plan is "any plan, fund or program which was heretofore or is hereafter established or maintained by an

employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death . . . ." 29 U.S.C. § 1002(1).

13.    Here, plaintiff alleges that the Plan is sponsored, administered, and financed by E.B.A. & M.  However, the Plan documents confirm that the Plans are employee benefit plans with benefits being funded by the employers, who also serve as the sponsor and administrator.

14.    While the well-pleaded complaint rule generally controls whether an action arises under federal law, ERIS is an exception to the well-pleaded complaint rule. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004).  The civil enforcement provisions contained in ERISA provide the exclusive vehicle for actions to recover benefits under an ERISA plan.  *See Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).  ERISA's civil enforcement mechanism has "such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Davila*, 542 U.S. at 209.  Causes of action within the scope of 29 U.S.C. § 1132(a) are removable to federal court. *Taylor*, 481 U.S. at 66.  "[I]f an individual brings a suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA." *Davila*, 542 U.S. at 210.

15.    ERISA authorizes a civil action to recover benefits due under the terms of the plan or enforce rights under the terms of the plan.  29 U.S.C. § 1132(a)(1)(B). ERISA also permits an action to obtain other appropriate relief, including injunctive

relief, to redress violations of the plan or ERISA or to enforce any provision of ERISA.  29 U.S.C. § 1132(a)(3).  Health care providers, like Plaintiff, may bring a civil action under ERISA.  *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1291 (9th Cir. 2014).

16.     Plaintiff's claims against E.B.A. & M. fall within the scope of ERISA and are completely preempted.  Plaintiff's claims are simple, straightforward claims for ERISA benefits.  Plaintiff alleges that E.B.A. & M. was obligated to pay Plaintiff by virtue of the terms of the ERISA Plan, and Defendant did not pay the proper amount.  Plaintiff could have brought its claims for benefits under ERISA, and these claims are not supported by any legal duty arising outside of the ERISA Plan.  *See Davila*, 542 U.S. at 210.  Accordingly, Plaintiff's claims are completely preempted and this action is removable to this Court.

## REMOVAL IS TIMELY

17.     This notice of removal is being filed within the time allotted by 28 U.S.C. §1446(b).  E.B.A. & M. was served with the plaintiff's summons and complaint on December 13, 2021.  Thus, this notice of removal is being timely filed within thirty days of service of the summons and complaint on E.B.A. & M., as required by 28 U.S.C. §1446(b).

## STATE COURT FILE

18.     Pursuant to 28 U.S.C. §1446, the only pleadings, process and orders that have been served on E.B.A. & M. are (1) summons, (2) complaint, (3) civil cover sheet, and (4) notice of case management conference, true and correct copies of which are attached to the Index of State Court Documents concurrently filed herewith.

## NOTICE TO ADVERSE PARTIES

19.     Pursuant to 28 U.S.C. §1441(d), all parties to this action are being provided with notice of the filing of this notice of removal by service of a copy of this notice of removal on plaintiff's counsel as set forth on the attached proof of

1    service.

2    **PRAYER**

3    **WHEREFORE**, defendant, E.B.A. & M. CORPORATION, prays that the

4    state court action entitled *The Regents of the University of California v. E.B.A.&M.*

5    *Corporation, et al.,* Orange County Superior Court, Case No. 30-2021-01234393-

6    CU-BC-CJC, be removed from the Orange County Superior Court to the United

7    States District Court for the Central District of California, Southern Division.

8    Date: January 12, 2022                  WILSON, ELSER, MOSKOWITZ,

9                                                 EDELMAN & DICKER LLP

10                                         By:/s/ *Robert M. Anderson*

11                                              Robert M. Anderson

12                                              Natanel E. Safaradi

13                                              Attorneys for Defendant,

                                               E.B.A. & M. CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441 [FEDERAL QUESTION]

265186681v.1

## PROOF OF SERVICE
### *THE REGENTS OF THE UNIVERSITY OF CALIFORNIA v. EBA & M CORPORATION*
### Wilson Elser No. TBD

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 555 South Flower Street, Suite 2900, Los Angeles, California 90071. My electronic service address is cora.hernandez@wilsonelser.com.

On **January 12, 2022**, I caused the foregoing document, entitled "**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441 [FEDERAL QUESTION**," to be served on the parties in this action by placing a true copy in a sealed envelope addressed as follows:

**[XX] (BY MAIL)** I caused such envelope(s) fully prepaid to be placed in the United States Mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[]     (BY CM/ECF NOTICE OF ELECTRONIC FILING)** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Upon completion of transmission of said documents a certified receipt is issued to the filing party acknowledging receipt by the CM/ECF system.

I declare under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **January 12, 2022**, at Los Angeles, California.

/s/ *Cora Hernandez*

Cora Hernandez

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441 [FEDERAL QUESTION]
265186681v.1

1
2
3

## <u>SERVICE LIST</u>
### *THE REGENTS OF THE UNIVERSITY OF CALIFORNIA v. EBA & M CORPORATION*
**Wilson Elser No. TBD**

4
5
6
7
8

| | |
|---|---|
| Stephenson, Acquisto & Colman, Inc. 303 No. Glenoaks Blvd., Suite 700 Burbank, CA 91502; Ph.:  (818) 559-4477 | **Attorneys for Plaintiffs, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a public trust corporation, on behalf of the University of California, Irvine Medical Center** |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441 [FEDERAL QUESTION]
265186681v.1