JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-61 JVS (ADSx) | Date | March 9, 2022 |
| Title | <u>Regents of the University of California v. E.B.A. & M. Corp.</u> | | |

| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   [IN CHAMBERS] <u>Order</u> <u>Regarding</u> <u>Motion</u> <u>for</u> <u>Remand</u>

Plaintiff UC Irvine Health on behalf of the University of California, Irvine Medical Center ("UC Irvine Health") filed a motion to remand this case to the Superior Court of the State of California. Mot. Dkt. 12. Defendant E.B.A. & M. Corp. ("E.B.A. & M.") opposed the motion. Opp'n, Dkt. No. 14. UC Irvine Health responded. Reply, Dkt. No. 15.

For the following reasons, the Court **GRANTS** the motion and **REMANDS** the case to state court. The Court **VACATES** the March 14, 2022, hearing. The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

### I. BACKGROUND

This case concerns a dispute between a medical provider and a health care plan. UC Irvine Health alleges that it provided medically necessary treatment to six individuals (the "Patients") who were beneficiaries of a health plan administered by E.B.A. & M. Compl., Dkt. 12-2, Ex. 2, ¶¶ 7–8. UC Irvine Health alleges that upon admitting the Patients, it contacted E.B.A. & M., which represented that the Patients were beneficiaries of its health plan. Id. ¶ 15. UC Irvine Health alleges that it entered into an implied-in-fact contract with E.B.A. & M., whereby E.B.A. & M. offered to reimburse UC Irvine Health in exchange for the provision of medically necessary care to the Patients. Id. ¶ 16. Further, UC Irvine Health alleges that it fully performed under the implied-in-fact contract in reliance on E.B.A. & M.'s promises and conduct, but that E.B.A. & M. breached the contract and caused damages by underpaying for its services. Compl. ¶¶

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 22-61 JVS (ADSx)   Date   March 9, 2022

Title   Regents of the University of California v. E.B.A. & M. Corp.

20–23.  UC Irvine Health alleges that the total billed charges for medically necessary services amounted to $98,524.05, but that E.B.A. & M. underpaid by $76,267.76.  Id. ¶¶ 10, 13, Ex. A.

On December 3, 2021, UC Irvine Health filed a complaint against E.B.A. & M. in Orange County Superior Court, bringing state-law claims for breach of implied-in-fact contract and quantum meruit.  See generally Compl., Dkt. 12-2, Ex. 2.  On January 12, 2022, E.B.A. & M. removed the case to federal court pursuant to 28 U.S.C. § 1441.  See Dkt. 1.  On February 11, 2022, UC Irvine Health timely filed this motion for remand.  See Dkt. 12.

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed.  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Doubts as to removability should be resolved in favor of remanding the case to the state court.  Id.  This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992).  A district court lacks power to order a remand in violation of Section 1447(c).  Id.

## III. Discussion

E.B.A. & M. removed this case on the basis of federal question jurisdiction and asserts that the claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").  See Dkt. 1 ¶ 1.  UC Irvine Health argues that this action should be remanded to state court because the Complaint brings independent state-law based causes of action that are not preempted by ERISA.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-61 JVS (ADSx) | Date | March 9, 2022 |
| Title | Regents of the University of California v. E.B.A. & M. Corp. | | |

Preemption under ERISA § 502(a) establishes federal subject matter jurisdiction and can provide a basis for removal. Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 945–46 (9th Cir. 2009); Fossen v. Blue Cross & Blue Shield of Montana, Inc., 660 F.3d 1102, 1107 (9th Cir. 2011). A participant or beneficiary may bring a civil action under § 502(a) "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "[T]he question whether a law or claim 'relates to' an ERISA plan is not the test for complete preemption under § 502(a)(1)(B)." Marin Gen., 581 F.3d at 949. Instead, the Court must consider a two-prong test to determine if ERISA § 502(a) preemption applies. Id. at 946. "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." Aetna Health v. Davila, 542 U.S. 200, 210 (2004). E.B.A. & M. must establish that both prongs are satisfied in order to avoid a remand. Fossen, 660 F.3d at 1108 (citing Marin Gen., 581 F.3d at 947).

        *i.*    *Davila's First Prong*

E.B.A. & M. argues that UC Irvine Health "could have brought, and in fact did bring, claims for benefits under the subject ERISA health care plans." Opp'n at 7. But in actuality, the Complaint does not bring any claim for benefits based on ERISA. UC Irvine Health alleges that it entered into an implied-in-fact contract with E.B.A. & M., whereby E.B.A. & M. offered to reimburse UC Irvine Health in exchange for the provision of medically necessary care to the Patients. Compl. ¶ 16. Further, UC Irvine Health alleges that it fully performed under the implied-in-fact contract in reliance on E.B.A. & M.'s promises and conduct, but that E.B.A. & M. breached the contract by underpaying, thus causing damages. Id. ¶¶ 20–23. Finally, UC Irvine Health brings a quantum meruit claim based on the allegations that E.B.A. & M. requested that it provide medically necessary services to the Patients, but failed to properly pay in full. Id. ¶¶ 24–31.

While it may have been possible for UC Irvine Health to bring a suit under ERISA based on these facts, that does not prevent it from choosing to bring different claims. See The Meadows v. Employers Health Ins., 47 F.3d 1006, 1008 (9th Cir. 1995) (holding that

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-61 JVS (ADSx) | Date | March 9, 2022 |
| Title | Regents of the University of California v. E.B.A. & M. Corp. | | |

ERISA does not preempt claims by "a third-party who sues an ERISA plan not as an assignee of a purported ERISA beneficiary, but as an independent entity claiming damages"). UC Irvine Health alleges a breach of an independent obligation that does not stem from an ERISA plan, and "is therefore not suing as the assignee of an ERISA plan participant or beneficiary under § 502(a)(1)(B)." Marin Gen., 581 F.3d at 948.

However, E.B.A. & M. asserts that UC Irvine Health did not plead the existence of an implied-in-fact contract in sufficient detail to avoid ERISA preemption. Opp'n at 5. In Marin General, the plaintiffs alleged that an oral agreement was reached between the provider and the insurer for the insurer to pay 90% of the patient's hospital charges. 581 F.3d at 947. E.B.A. & M. maintains that there is no allegation of an agreement beyond the fact that it confirmed to UC Irvine Health that the Patients were covered under its plan, which it asserts is insufficient to support a claim for breach of implied-in-fact contract or quantum meruit. See Opp'n at 8.

But while E.B.A. & M. may take issue with the factual support for UC Irvine Health's claim, that is not the question currently before the Court. For the purposes of determining jurisdiction, these allegations are sufficient for the Court to determine that the specific claims brought by UC Irvine Health in this case could not be brought under § 502(a)(1)(B). See Doctors Med. Ctr. of Modesto, Inc. v. Gardner Trucking, Inc., No. 1:16-cv-01674-DAD-SAB, 2017 WL 781498, at *5 (E.D. Cal. Feb. 28, 2017) ("[P]laintiff specifically alleges the existence of a contract, independent from the plan agreement. Whatever defendant thinks of the validity of plaintiff's implied-in-fact contract claim under California law is immaterial for purposes of this court's jurisdictional analysis."); Cf. Lodi Memorial Hosp. Ass'n v. Tiger Lines, LLC, No. 2:15-cv-00319-MCE-KJN, 2015 WL 5009093, at *6 (E.D. Cal. Aug. 20, 2015) (holding that complete preemption exists where plaintiff identified "no independent contract, agreement or obligation apart from obligations under the plan agreement itself").

Accordingly, the Court finds that the first Davila prong is not met.

   ii.  *Davila's Second Prong*

The second prong of Davila asks whether "there is no other independent legal duty that is implicated by a defendant's actions." 542 U.S. at 210. "[S]tate-law claims are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 22-61 JVS (ADSx)                                    Date  March 9, 2022

Title  Regents of the University of California v. E.B.A. & M. Corp.

based on 'other independent legal dut[ies]' where the claims 'are in no way based on an obligation under an ERISA plan' and the claims 'would exist whether or not an ERISA plan existed.'"  Healthcare Ally Mgmt. of California, LLC v. DIRECTV, LLC, No. CV 17-05981 SJO (MRWx), 2017 WL 4083142, at *3 (quoting Marin Gen., 581 F.3d at 950).

Here, UC Irvine Health brings state law claims based on an alleged agreement with E.B.A. & M., not an obligation under an ERISA plan.  The state laws upon which UC Irvine Health relies do not apply only to ERISA plans.  See Port Med. Wellness Inc. v. Connecticut Gen. Life Ins. Co., No. CV-13-03604 BRO (PLAx), 2013 WL 5315701, at *6–7 (C.D. Cal. Sept. 18, 2013) (holding that the second prong of Davila was not satisfied where "Plaintiff's right to recovery depends entirely on the operation of a third-party contract that is independent of the Plan itself."); cf. Fossen, 660 F.3d at 1111–13 (finding complete preemption when "the cause of action [was] identical to and expressly dependent upon ERISA").  Courts have consistently ruled that these types of claims "do not rely on, and are independent of, any duty under an ERISA plan." Marin Gen., 581 F.3d at 949; see, e.g., Bay Area Surgical Mgmt., LLC v. United Healthcare Ins. Co., No. C 12–01421 SI, 2012 WL 3235999, at *4 (N.D. Cal. Aug. 6, 2012); St. Joseph Hosp. of Orange v. Newegg, Inc., No. SACV 20–1704 JVS (JDEx), 2020 WL 6149716, at *3 (C.D. Cal. Oct. 20, 2020); Temple Hosp. Corp. v. Gomez, No. 2:14-cv-01342-ODW (JEMx), 2014 WL 953445, at *3 (C.D. Cal. Mar. 11, 2014).  That same rationale applies here.

Accordingly, the Court finds that the second prong of the Davila test has not been satisfied.  E.B.A. & M. has not met its burden of showing that there was complete preemption to render removal proper.

### IV. CONCLUSION

For the foregoing reasons, the Court the Court **GRANTS** the motion and **REMANDS** the case to state court. The Court **VACATES** the March 14, 2022, hearing. The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 22-61 JVS (ADSx)  Date  March 9, 2022

Title  Regents of the University of California v. E.B.A. & M. Corp.

: 0

Initials of Preparer  lmb